IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






 NO. AP-75,103 





EX PARTE RICKEY GLENN HARROD aka


 RICKY GLEN HARROD, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NUMBER 219-80037-03 IN THE 219TH DISTRICT COURT


FROM COLLIN COUNTY





 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court in accord with Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. A jury convicted
Applicant of murder and assessed punishment at confinement for 12 years. No direct appeal
was taken. 

 Applicant contends he was denied his right to appeal. The trial court has filed
findings of fact and conclusions of law recommending Applicant be granted an out-of-time
appeal. The trial court found that after Applicant's trial counsel timely filed a motion for
new trial, the trial court granted his motion to withdraw and appointed appellate counsel. 
However, the trial court clerk failed to notify appellate counsel of the appointment. By the
time appellate counsel learned of the appointment, it was too late to file notice of appeal. 
Accordingly, Applicant was denied his right to appeal. 

 Habeas corpus relief is granted and Applicant is given an out-of-time appeal from his
conviction in cause number 219-80037-03 from the 219th District Court of Collin County. 
The proper remedy in a case such as this is to return Applicant to the point at which he can
give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time
limits shall be calculated as if the conviction had been entered on the day that the mandate
of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must
take affirmative steps to see that notice of appeal is given within thirty days after the mandate
of this Court has issued.

DO NOT PUBLISH

DELIVERED MARCH 9, 2005